# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2022

Lyle W. Cayce
Clerk

No. 21-60025
Summary Calendar

---

Maria Francisca Gaspar-Miguel; Raymundo Raymundo-Gaspar; Francisca Raymundo-Gaspar,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 889 197
BIA No. A206 889 198
BIA No. A206 889 199

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60025

Maria Francisca Gaspar-Miguel and her children, Raymundo Raymundo-Gaspar and Francisca Raymundo-Gaspar, petition for review of a decision by the Board of Immigration Appeals (BIA) dismissing the appeal from the denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). With respect to asylum and withholding of removal, they challenge the finding that they failed to establish the required nexus between Gaspar-Miguel's membership in the articulated particular social group (PSG) of "single mothers living in Guatemala" and the alleged past persecution and risk of future persecution. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). The immigration judge (IJ) found, and the BIA agreed, that gang members targeted Gaspar-Miguel and her child because of their vulnerability while traveling alone, on foot, hours from home and that her status as a single mother could not have been a reason for the attack because the criminals would not have been aware of it. We may "consider the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009).

The petitioners contend that Gaspar-Miguel's status as a single mother was the reason why she and her child were travelling alone to visit her mother and appeared vulnerable to criminals. They present no evidence to support that contention, however. Nor do they present evidence that the gang members were motivated by her status as a single mother, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); indeed, they do not dispute that the criminals were unaware of it. The PSG was, at most, an "incidental, tangential, superficial, or subordinate" reason for the harm. *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citations omitted). The evidence would not compel a reasonable factfinder to conclude that membership in the PSG was a central reason for the alleged persecution, *see Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004), and the

adverse nexus conclusion is dispositive of the asylum and withholding of removal claims, *see Orellana-Monson*, 685 F.3d at 518. Accordingly, we do not reach the other issues related to those claims, including whether the PSG was cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009).

Next, the petitioners contend that they showed acquiescence by a government official as required for relief under the CAT. *See Tabora Gutierrez v. Garland*, 12 F.4th 496, 502-03 (5th Cir. 2021). They rely on Gaspar-Miguel's testimony that gang members told her they would find out if she reported the attack to police because of police officers who belong to the gang. The petitioners contend that the testimony shows the police have been infiltrated by the gang and would acquiesce in their torture. However, Gaspar-Miguel also testified that she did not report the attack because the "police station was really far from [her] village," not because there were gang members on the police force. Moreover, she testified that she believed the police would have helped her if she had reported the attack. Accordingly, the evidence would not compel a reasonable factfinder to find consent or acquiescence by a public official. *See id.* at 504-06; *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018). We need not reach the question whether the attack on Gaspar-Miguel and her child constituted torture. *See Bagamasbad*, 429 U.S. at 25; *Cantu-Delgadillo*, 584 F.3d at 690.

The petition for review is DENIED.